GEORGE B. RAWSON *versus* INHABITANTS OF NEW SHARON.

Full costs cannot be recovered in an action that should originally have been brought before a justice of the peace or judge of a municipal or police court, notwithstanding such action is against a town, for supplies furnished a pauper of that town, where the plaintiff claims under a contract with the overseers of the poor of the town.

On EXCEPTIONS from *Nisi Prius*, TENNEY, C. J., presiding.

ASSUMPSIT upon the following account annexed.

*The Inhabitants of New Sharon,*

*To* GEORGE B. RAWSON, *Dr.*,

To medicine and attendance for Mrs. Nathaniel Hutchinson, by your request, she being a pauper of your town,                                 $34,00.

This action was originally brought in the S. J. Court, and during the first term the defendants offered to be defaulted for a sum less than twenty dollars.

At a subsequent term the plaintiff accepted the offer and claimed full costs.

The presiding judge ordered that judgment be rendered for one quarter costs, to which plaintiff excepted.

*J. W. Webster*, for the plaintiff, contended that this action was brought to recover for the support of a pauper, and entitles the plaintiff to full costs. He cited statute of 1842, chap. 31, sec. 20.

*O. L. Currier* argued for the defendants that the claim in the writ is not for the support of a pauper, but for services rendered under a contract. R. S., chap. 151, sec. 13; stat. 1842, chap. 31, sec. 20.

MAY, J. Until the statute of 1842, chap. 31, sec. 20, provided for an amendment to the thirteenth section of chap. 151 of the revised statutes, no more than one quarter as much costs, as the debt or damage, could be recovered in any action originally brought in this, or the then District

Court, when it appeared on the rendition of judgment that the action should have been originally brought before a justice of the peace or the judge of any municipal or police court, notwithstanding such action was brought either by or against a town. By the amendment just referred to, " in all actions originally commenced in either of said courts by or against towns for the support of paupers, full costs may be taxed."

What is the true construction of the statute as amended? Notwithstanding the strict letter of it might possibly be construed as broad enough to embrace all suits brought to recover for supplies furnished or used for the support of paupers, whether under a contract or not, we are not satisfied that it was the intention of the legislature to allow full costs in actions which might properly have been brought before a justice of the peace, or in a municipal or police court, except in those cases where the settlement of a pauper was involved, and the rights of the parties depended on a liability to provide for such pauper by virtue of some statute. In such cases, the question of settlement is usually more important than the amount of damages, inasmuch as the judgment may be conclusive upon the parties in relation to future claims. This was undoubtedly the reason why the legislature thought it proper to take this class of cases out of the rule established by the Revised Statutes, as before cited. We think the amendment was not intended to apply to cases of express contract made for the support of paupers, whether written or verbal; and no reason is perceived for extending it to such cases. A different construction would enable every trader or person who should furnish the most trifling article, by direction of the overseers of the poor, for the partial relief of a pauper, to institute his suit in this court therefor, and to recover full costs. Such construction cannot be allowed.

In the present case the plaintiff does not appear to have been an inhabitant of New Sharon when his services were rendered. His demand, therefore, did not accrue under the

R. S., chap. 32, sec. 48. It appears from his writ that he claims to recover upon the ground, and only upon the ground, that his services were rendered to the pauper *at the request* of the.defendants. In such a case it is well settled that he could recover only upon proof of an express contract or request. Beethuen v. Inhabitants of Lincoln, 16 Maine R., 137; Inhabitants of Windham v. Inhabitants of Portland, 23 Maine R., 410. For the reasons before stated, only quarter costs can be taxed.

*Exceptions overruled.*

RICE, HATHAWAY, GOODENOW and DAVIS, J. J., concurred; TENNEY, C. J., concurred in the result.